```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      4:92-CR-9; 4:92-CR-85(JMR)
                    07-CV-2420(JMR); 07-CV-2421(JMR)
```

United States of America    )
                            )
     v.                     )         ORDER
                            )
Juan Rene Sainz-Ortega      )

Petitioner, Juan Rene Sainz-Ortega, seeks relief pursuant to 28 U.S.C. § 2255. His petition is denied.

I. Background

Between 1986 and 1991, petitioner was a major supplier of marijuana based in Arizona. During that time, he shipped 100 to 300 pound loads to a distribution ring in Minnesota. When law enforcement apprehended the Minnesota drug leaders with 275 pounds of marijuana, they identified petitioner as their supplier. One of the Minnesota drug dealers cooperated with the government in an undercover operation against petitioner.

The investigation led to an 8-count Indictment on January 8, 1992. The Indictment was later amended to a 5-count Revised Indictment. Count 1 of the Revised Indictment charged petitioner with conspiracy to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846; Count 2 charged him with distributing 120 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1); Count 3 charged him with aiding and abetting the distribution of

140 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Count 4 charged him with aiding and abetting the distribution of approximately 195 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[1] Following his initial appearance, petitioner was placed on bond pending trial.

Petitioner failed to appear for the March, 1992, trial. The grand jury then indicted petitioner in Count 5 of the Revised Indictment for failure to appear for trial, in violation of 18 U.S.C. § 3146(a)(1).[2] More than ten years later, petitioner was apprehended in Mexico and extradited to the United States. Trial commenced September 27, 2004, and on September 29, 2004, the jury found petitioner guilty on Counts 1, 2, 3, and 5 of the Revised Indictment.[3]

On February 28, 2005, petitioner was sentenced to the mandatory minimum of 240 months on the drug counts, plus 6 consecutive months for failure to appear. On August 4, 2006, on direct appeal, the Eighth Circuit Court of Appeals affirmed

---

[1] Counts 1, 5, 6, and 8 of the original Indictment, alleging additional controlled substance offenses, were dismissed on September 14, 2004, on the government's motion [Docket No. 87].

[2] The failure to appear charge was originally placed in a new indictment, filed as Criminal No. 4:92-85. On September 27, 2004, the two Indictments were merged into a single 5-count Revised Indictment [Docket No. 107].

[3] Defendant was acquitted on Count 4.

2

petitioner's conviction and sentence.  <u>United States v. Sainz-Ortega</u>, 190 Fed. Appx. 516 (8th Cir. 2006).

Petitioner now claims he was deprived of his Sixth Amendment right to effective assistance of counsel.  He states his trial counsel failed to:  (1) request a buyer-seller jury instruction; (2) ask for a defense theory-of-case instruction; (3) request a specific "unanimity-of-theory" instruction; and (4) failed to move for acquittal at trial.  Petitioner next claims his appellate counsel's assistance was ineffective because he failed to raise a sufficiency of evidence claim and failed to raise the absence of a specific unanimity instruction on appeal.  Each claim fails.

II. <u>Discussion</u>

Claims of ineffective assistance of trial counsel are analyzed under the two-part test announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Under <u>Strickland</u>, a petitioner must show:  (1) "that counsel's representation fell below an objective standard of reasonableness," <u>id.</u> at 688; and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 694.  "Judicial scrutiny of counsel's performance is highly deferential . . . .  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Id.</u> at 689.

Claims of ineffective assistance of appellate counsel are subject to a similar two-part test.  Appellate counsel is

ineffective when a defendant can show that "his performance was objectively unreasonable and that there is a reasonable probability that the outcome of his appeal would have been different if counsel had raised the claim." Armstrong v. Gammon, 195 F.3d 441, 444 (8th Cir. 1999). "Counsel is not required to raise every colorable claim," and petitioner must produce evidence to overcome the presumption "that counsel's decision not to raise a claim was a strategic decision to emphasize stronger claims at the expense of weak ones." Id.

    A.  Buyer-Seller Jury Instruction

Petitioner claims trial counsel should have requested a buyer-seller jury instruction, instructing the jury that a simple buyer-seller transaction is insufficient to support a conspiracy conviction. This claim is unavailing; the buyer-seller instruction applies only when a defendant engaged in a single, isolated transaction of a small quantity of drugs. United States v. Montano-Gudino, 309 F.3d 501, 505-06 (8th Cir. 2002). The evidence in this case was fully sufficient to show petitioner engaged over a period of years in multiple drug transactions that involved significant drug quantities. The Court finds no reasonable juror could have found petitioner to be a one-time buyer or seller. See United States v. Wiggins, 104 F.3d 174, 177 (8th Cir. 1997).

Accordingly, the Court finds no evidentiary basis upon which the buyer-seller instruction could have been premised, and it would have been futile for counsel to request one. Trial counsel's

performance was reasonable, and petitioner was not prejudiced by counsel's decision to not ask for such an instruction.

    B.  <u>Defense Theory-Of-Case Instruction</u>

Petitioner claims his trial counsel was ineffective for failing to request a defense theory-of-case instruction. He states his attorney failed to request an instruction further defining a conspiracy, and more specifically, that he should have requested the buyer-seller instruction as part of his theory-of-defense instruction. Petitioner is incorrect; a particular theory-of-the-case instruction can only be given when the evidence supports such an instruction, and the instruction is an accurate statement of the law. <u>Wiggins</u>, 104 F.3d at 176. Here, as the Court determined previously, the evidence did not -- as a matter of law -- support a buyer-seller instruction. Further, the Eighth Circuit has held that, where a court uses the Eighth Circuit Model Jury Instructions for conspiracy, counsel's failure to request a separate theory-of-the-case instruction is not, without more, prejudicial to a defendant. <u>United States v. Robinson</u>, 301 F.3d 923, 926 (8th Cir. 2002).

The Court instructed the jury using the Eighth Circuit Model Jury Instructions, including a specific instruction as to the meaning and definition of a conspiracy. Trial Tr. vol. II, 300-302, Sept. 28, 2004. Accordingly, the instructions adequately defined conspiracy. Counsel was therefore not ineffective for

failing to request a defense theory-of-case instruction, and petitioner was not prejudiced thereby.

    C.  <u>Specific Unanimity Instruction</u>

Petitioner next complains that his trial counsel was ineffective for failing to request a specific unanimity instruction, and that his appellate counsel was ineffective for failing to raise trial counsel's "failure" on appeal. Both claims fail. A defendant is certainly entitled under the Sixth Amendment to a unanimous jury verdict. <u>See</u> <u>United States v. Hiland</u>, 909 F.2d 1114, 1136 (8th Cir. 1990). That right is protected by a general unanimity instruction unless there is a "genuine risk of jury confusion," in which case a defendant has the right to a specific unanimity instruction. <u>Id.</u> at 1139. Factual complexity alone is not sufficient to establish the need for a specific unanimity instruction. <u>Id.</u> Even if a defendant shows on appeal that the district court erred in not giving a specific unanimity instruction, for the appellate court to overturn the jury verdict, the defendant must also show a reasonable probability that, had the instruction been given, the result of the proceeding would have been different. <u>United States v. Scott</u>, 218 F.3d 835, 838 (8th Cir. 2000).

Petitioner argues he was entitled to a specific unanimity instruction because the jury was likely confused as to with whom, if anyone, he conspired. The Court finds the jury was not likely to be confused as to the requirement for unanimity in its verdict.

The Court clearly instructed the jury that it must be unanimous in its verdict on each of the five different counts, including the conspiracy count, and that each count must be considered and decided separately. Trial Tr., 305-09. The fact that the jury acquitted petitioner on one count shows they understood these instructions.

Even if the Court assumes petitioner was entitled to a specific unanimity instruction - and the Court does not so assume - petitioner has failed to show any likelihood that the trial's outcome would have been different. The evidence, including statements made by petitioner himself, both to arresting officers and in a tape recorded conversation with a co-conspirator, showed petitioner conspired with at least four different individuals to transport large quantities of marijuana from Arizona to Minnesota.

The Court finds petitioner had no right to, and there was no need for, a specific unanimity instruction. Further, even if one had been given, there is no reasonable probability that the jury would have returned a different verdict. Based on this finding, the Court finds trial counsel did not act unreasonably in failing to request a specific unanimity instruction at trial, and petitioner suffered no prejudice from the omission thereof.

The same is true as to petitioner's claim that his appellate counsel should have raised the issue on appeal. As discussed above, the Court's failure to give a specific unanimity instruction would have been a losing issue on appeal. As an ineffective

assistance of counsel claim cannot be based on a failure to raise losing arguments, petitioner's claim fails. See Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990).

### D. Motion for Acquittal

Petitioner claims his trial counsel was ineffective for failing to move for acquittal on the conspiracy charge. There is simply no basis for this claim. The record shows petitioner's counsel did move for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, both at the close of the government's evidence and after petitioner rested. The motions were denied. Trial Tr., 244-246. Even had he failed to move for acquittal, petitioner fails to show prejudice therefrom, because the evidence clearly supported the conviction. See United States v. Hood, 593 F.2d 293, 298 (8th Cir. 1979). This claim of ineffective representation clearly fails.

### E. Sufficiency of Evidence Claim

Petitioner claims his appellate counsel was ineffective for failing to argue that the evidence at trial was insufficient to support a conviction. "The standard of review of an appeal concerning sufficiency of the evidence is very strict, and the verdict of the jury should not be overturned lightly." United States v. Burks, 934 F.2d 148, 151 (8th Cir. 1991). A jury verdict may be overturned only if the evidence, viewed in the light most favorable to the verdict, "is such that a reasonable-minded jury *must* have entertained a reasonable doubt as to the government's

proof of one of the essential elements of the offense." United States v. Noibi, 780 F.2d 1419, 1421 (8th Cir. 1986) (emphasis in original).

The government introduced substantial evidence showing petitioner conspired with his co-conspirators to provide significant quantities of drugs on multiple occasions. The proof included petitioner's own statements admitting his role in the conspiracy. The Court found, and still finds, the evidence fully supported petitioner's conviction. Counsel has no duty to raise meritless claims, and it is not unreasonable for an attorney to decline to do so. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994). It would have been futile for petitioner's appellate counsel to seek to overturn the jury verdict on appeal based on a claim of insufficient evidence. Even had counsel made such an argument, it would not have changed the outcome of the appeal. Appellate counsel cannot be faulted for failing to raise a meritless argument, and the Court finds no merit in petitioner's claim of ineffective assistance of counsel. Id.

For these reasons, the Court finds petitioner has entirely failed to show any evidence that either his trial counsel or his appellate counsel's representation fell below an objective standard of reasonableness, nor has he shown any instance of prejudice. Petitioner's motion fails on each claim of ineffective assistance of counsel.

III. <u>Certificate of Appealability</u>

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See <u>Tiedeman v. Benson</u>, 122 F.3d 518 (8th Cir. 1997). The Court concludes no issue raised is "debatable among reasonable jurists" or deserving of further proceedings. <u>Flieger v. Delo</u>, 16 F.3d 878, 883 (8th Cir. 1994) (citing <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

IV. <u>Conclusion</u>

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 151] is denied.

2. No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November <u>2</u>, 2007

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States District Judge